Robert 0. Brink, J.
This is a motion for a summary judgment in an action brought by the plaintiff against two defendant school teachers to obtain a declaratory judgment as to the liability of the school board on certain claims made by each of the defendants for additional salary. The issue of law involved in this action relates to a construction of certain sections of the Education Law of the State of New York, namely: sections 3101, 3103 and 3029.
The defendant, Carol Carpenter Rickard, prior to her appointment as a probationary teacher on December 9, 1964, entered into an agreement with the plaintiff through its Supervising Principal, which provided she would be employed as a kindergarten instructor to conduct a single session of kindergarten and would be required to report for duty at approximately 8:30 a.m., of each school day and continue until 11:30 a.m., and would not he required to perform any other duties during the balance of the school day. The appointment was for a probationary period of five years beginning on January 1,1965, at a $2,400 yearly salary, to be prorated, which the defendant agreed to accept. She worked under this arrangement from January 1, 1965, until June 30, 1965. She continued on in this capacity from September 1,1965 until June 30,1966 on the same basis and received the sum of $2,600 yearly. At the end of the 1965 and 1966 school year, she applied for a position as elementary teacher for the period commencing September 1, 1966 and ending June 30, 1967, on a full-time basis which required her to perform her duties from approximately 8:30 a.m., until approximately 4:00 p.m., with about three quarters of an hour deducted therefrom for lunch, at an annual salary of $5,450.
*956 The defendant, Phyllis Forsythe was appointed under a similar arrangement on July 11, 1966, and during the school year 1966 and ending on June 30, 1967 she taught a single session of the Mndergarten at an annual salary of $2,975. During the year starting September 1, 1967 to June 1, 1968, she continued on on the same part-time basis at an annual salary of $3,300 during the same hours as before, and was not required to perform any other duties for the plaintiff. There is no issue of fact that each of the defendants received one half of the established salary as provided by the Education Law of the State of New York, and under the by-laws adopted by the plaintiff board. During these same periods, the full-time kindergarten teachers in schools operated by the plaintiff were required attendance of their duties not only from the period 8:30 a.m., until 11:30 a.m., but also from 12:30 p.m. until 4:00 p.m. Each of the defendants accepted the agreed compensation and made no further demands until in or about the month of June, 1968, when they made demands on the plaintiff, Board of Education, to be paid the same salary as the full-time kindergarten teachers for the periods they worked part time. This would in effect, amount to double their designated salaries and would be equivalent to the salaries of the full-time kindergarten teachers who worked the entire day.
After receiving advice from the legal division of the New York State Department of Education, that in its opinion the teachers were entitled to full-time salaries, the plaintiff decided to apply to the court for a declaratory judgment. Following the commencement of this action, counsel for the defendants moved to dismiss the complaint before a Special Term in Fulton County, on the ground that plaintiff should have appealed to the Commissioner of Education. This order was reversed by the Appellate Division, Third Department (32 A D 2d 135), in a decision which held in effect, that plaintiff’s complaint stated a sufficient cause of action for a declaratory judgment, and that the plaintiff had correctly invoked the proper remedy to obtain an interpretation of the applicable provisions of the Education Law.
Following the Appellate Division decision and after plaintiff had moved for summary judgment, defendants’ counsel served an answer raising issues of law. The answer also purportedly raised questions of fact. Plaintiff’s counsel refused to accept the answer on the grounds it was served too late. On the argument of this motion, counsel stipulated there were no issues of fact involved, whereupon the court permitted, the answer to *957 stand insofar as it raised issues of law involved in plaintiff’s application for a declaratory judgment.
In support of defendants ’ claims for additional salaries, their counsel places much reliance upon a decision of the Commissioner of Education in a case decided August 3, 1954, Matter of Carmon (75 N. Y. St. Dept. Rep. 89 [1954]). This opinion indicated that a teacher of kindergarten for one-half day or a single session, was a full-time position, and that they should be entitled to full salary. Under subdivision 1 of section 3101 of the Education Law as it then existed, a teacher was defined as a ‘ ‘ full-time member of the teaching staff” and it provided that they be paid according to the minimum salary scheduled. In its decision, the Commissioner of Education attempted to rationalize his interpretation of this statute. Since the claim involved in this decision arose, there have been amendments to the Education Law. Of course, this court is not bound by a departmental decision or an opinion of an attorney for the State Department of Education. This court’s attention has not been called to any policy rule of the Department of Education, and apparently the position of the Department of Education is based upon its interpretation of the statutory provisions.
In the opinion of this court, none of the provisions of the Education Law specifically prevent a school board from hiring a teacher on a half-day or single-session basis at one half of the lawfully designated minimum salary.
Section 3029 of the Education Law provides that ‘ ‘ except in a city having a population of one million or more persons the school authorities of any school district employing two or more teachers shall fix the hours of duty for full time teachers ”. Section 3101 of the Education Law, as amended, provides:
1 £ 1. Teachers shall mean all full-time members of the teaching and supervisory staff of each school district of the state # # #
£ ‘ 3. Except in a city having a population of over one million or more, £ salary 5 shall mean the amount of compensation that is to be paid to a teacher for services rendered during the full ten months period that the public schools of the district are required by law to be in session during any school year.”
In subdivision 3 following this sentence, provision is made for prorating the salary for teachers not rendering all the service required of teachers during such period, both as to the monthly and per diem rate.
A reasonable construction of the provisions of this statute requires an interpretation to the effect that a full-time teacher *958 entitled to a full designated salary must render all of the required services during the full 10-month period and during the full school day. The full 10-month period mentioned in the statute is not complied with by 10 months of half-days. It is conceded that a substitute teacher not working a full 10-month period might be entitled to a full day’s pay under the prorated provisions of the statute, but a teacher who enters into a contract to work a full 10-month period three hours a day, certainly is not a full-time teacher.
This court does not believe the Legislature ever intended to pay such a teacher full salary equivalent to a teacher who might be teaching in the next room a full school day. It would appear that such discrimination would amount to a distortion of the very purpose of the protective provisions of the Education Law. It would also be contrary to public policy. Such a provision might be forced upon a school board or a municipality through collective bargaining, but it is very doubtful if the majority of teachers would approve of such type of regulation.
In the absence of a statute or policy rule of the Department of Education specifically preventing contracting with teachers on a one-half day basis at a prorated salary consistent with the minimum salaries provided by statute, this court believes that the contracts of the defendants with the school board were binding on the defendants. Consequently, neither of the defendants has claims against the plaintiff school board for additional salary.