Edward S. Conway, J.
This is an article 78 proceeding whereby petitioner seeks an order annulling and vacating the determinations of the respondents to refuse to appoint petitioner to a half-time elementary area teaching position to which he was allegedly entitled, in violation of section 2510 of the Education Law.
Petitioner was a teacher appointed by respondent school *517 district during July, 1973 to commence service on September 1, 1973 in the elementary tenure area. He worked as a full-time sixth grade teacher during the 1973-1974 and 1974-1975 school years.
Martha Magner, proposed intervenor-respondent, was employed by respondent school district continuously as a kindergarten teacher since September 1, 1971. During her first three years she was assigned to a single kindergarten session and in her fourth year she taught two kindergarten sessions.
On April 1, 1975, respondent school district abolished four and one-half positions in the elementary school area. Magner was informed by the respondent school district that she was tenured and would be assigned to a full-day teaching position for the 1975-1976 school year. Petitioner was placed on a preferred eligible list of candidates for reinstatement as he had the least seniority.
This determination of the respondent school district was appealed to the Commissioner of Education. On August 12, 1975, Magner applied to the Commissioner of Education for leave to intervene and her application was granted. In a decision of December 29, 1975, the Commissioner of Education dismissed the appeal, holding that Magner’s services as a kindergarten teacher were in a full-time position and that she was entitled to tenure. Further, Magner commenced service in the school district two years before petitioner and therefore was the more senior.
The instant proceeding was then begun and Martha Magner makes a motion for an order allowing her to intervene and directing that she be added as a party defendant and that the petition be amended to add her name as a respondent. The motion of Martha Magner to intervene is granted.
The Commissioner of Education has construed the tenure statutes as encompassing regular, half-day or single-session kindergarten positions. The commissioner alleges that because of the unique nature of kindergarten programs, a half-day session fully provides the course requirements of that grade, and the teacher of such single session kindergarten satisfies her instructional assignment and is properly entitled to the same job security and protection shared by comparable members of the teaching staff. The instructional responsibilities of teachers in grades first through sixth (petitioner herein — the elementary tenure area) require full-day assignments and a teacher with part-time employment cannot meet the total *518 requirements of such assignments. This is not true of teachers in kindergarten who are also within the elementary tenure area.
The petitioner contends that by virtue of his greater full-time employment he has more seniority than Martha Magner and the commissioner’s determination to the contrary is purely arbitrary and illegal.
The court cannot agree with this contention of the petitioner. The decision of the commissioner that a teacher of half-day kindergarten is serving in a full-time position for the purposes of tenure and seniority, should not be stricken down unless purely arbitrary (Matter of Board of Educ. v Allen, 6 NY2d 127). The commissioner’s interpretation is reasonable and is based on precedent. In 1954 the commissioner held that the teacher of a " 'half-day’ kindergarten is a full-time, position” (Matter of Carmon, 75 NY St Dept Rep 89). By its very nature, kindergarten is a half-day course or program, as the full course work for the children assigned to kindergarten as well as the instructional responsibilities of a kindergarten teacher are accomplished in a matter of hours and do not entail use of a full school day.
As the decision of the commissioner is well supported by statutes and case law, his actions are neither arbitrary nor illegal, and the petition is therefore dismissed.