In the Matter of BRUCE ABLONDI, Appellant, v COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK et al., Respondents, and MARTHA MAGNER, Intervenor-Respondent.

Third Department, December 20, 1976

*James R. Sandner (Thomas C. Greble* of counsel), for appellant.

*Robert D. Stone (Judith M. Hecker* of counsel), for respondent.

*Brucker, Manley & Finnegan (Paul E. Stolzer* of counsel), for intervenor-respondent.

MAIN, J. On April 1, 1975, respondent Nanuet School District abolished four and one-half teaching positions in the elementary tenure area, i.e., kindergarten through sixth grade, effective June 30, 1975. As a result, petitioner's services as a sixth grade teacher which he had performed on probationary status for the 1973-74 and 1974-75 school years, were terminated, and he was placed on a preferred eligible list for reinstatement. In contrast, the intervenor-respondent, Martha Magner, was determined to be a tenured teacher with more seniority than petitioner because she had been continuously employed by the school district as a kindergarten teacher since September, 1971. Accordingly, she was continued in a full-time teaching position in September, 1975.

Maintaining that his seniority was greater than Mrs. Magner's and, consequently, that subdivision 2 of section 2510 of the Education Law required that she be laid off before him, petitioner appealed his termination to the Commissioner of

Education. According to the cited statutory provision, whenever a teaching position is abolished by a board of education, "the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued". Here, petitioner bases his argument on the contention that Mrs. Magner's work for the school district during school years 1971-72, 1972-73 and 1973-74 was not in a full-time position in which she could earn seniority credit because during those years she was assigned only one kindergarten class and, therefore, was required to work just half-day sessions. In his decision, the commissioner rejected this argument and ruled that Mrs. Magner's position was full-time for tenure and seniority purposes. As noted above, Special Term subsequently dismissed petitioner's challenge to this ruling in a proceeding pursuant to CPLR article 78.

We find that the judgment of Special Term must be affirmed. The commissioner's decision herein involves an interpretation of the above-quoted language from the Education Law, and, if it is reasonable, his construction thereof should be deemed controlling and upheld (*Matter of Lezette v Board of Educ. Hudson City School Dist.,* 35 NY2d 272; *Matter of Howard v Wyman,* 28 NY2d 434). With this legal principle in mind, we need only point out that, unlike grades one through six wherein a full school day includes both morning and afternoon sessions, kindergarten presents a distinctive situation wherein the course work of the students and the instructional responsibilities of the teacher can be accomplished in half-day sessions. Under such circumstances, while it is plainly justifiable that a teacher's compensation be commensurate with the length of his or her work day (see *Board of Educ., Cent. School Dist. No. 1 v Rickard,* 61 Misc 2d 955), there likewise might well be circumstances in which a school district would deem it advisable, in the interests of better education, economy or other reasons, for a teacher to be assigned just one kindergarten class per school year. In any case, the relative positions of petitioner and the intervenor-respondent here are readily distinguishable, and there was clearly a rational basis for the commissioner to conclude that Mrs. Magner's service during the years she was assigned only one kindergarten class was in a full-time position in which she earned seniority and tenure credit.

The judgment should be affirmed, with costs to respondents filing briefs.

GREENBLOTT, J. P., KANE, MAHONEY and LARKIN, JJ., concur.

Judgment affirmed, with costs to respondents filing briefs.