*435 OPINION OF THE COURT
Joseph Jiudice, J.
The petitioner has initiated this CPLR article 78 proceeding claiming that her acceptance of a half-day kindergarten position did not constitute a waiver of her seniority and tenure rights and that the district’s refusal to allow her to return to full-time work, while at the same time hiring new teachers to full-time work within the elementary tenure area constitutes a violation of her seniority rights.
The respondent has moved to dismiss the petition on the basis of objections in point of law.
The petitioner had been employed as a full-time tenured teacher in the elementary tenure area from September 1972, until June 30, 1982. She was granted two one-year leaves of absence during the 1978 and 1981-1982 school years.
Following the second one-year leave of absence, she was assigned to a kindergarten position within the same tenure area which required one-half day of work each day. She worked in this position for three school years (1982-1983, 1983-1984 and 1984-1985).
By letter dated March 25, 1985, the petitioner requested that she be returned to a full-day teaching position within the elementary tenure area. It appears to be undisputed that several teachers new to the district had been hired to full-time teaching positions in the petitioner’s tenure area not only effective the beginning of the 1985-1986 school year, but also during the time of the 1983-1984 and 1984-1985 school years. When the petitioner assumed single-session kindergarten duties during the 1982-1983 school year, full-time positions in the elementary tenure area were then available to her as of right.
There is no indication that the change of assignment from full-day to single-session kindergarten resulted from the abolition of positions. Further, there were no layoffs in September of 1985, the time at which petitioner sought reinstatement to a full-day position within her tenure area.
The principal thrust of her petition is her claimed entitlement to a full-day teaching position within the elementary tenure area effective 1985 based upon her accumulated seniority and tenure rights.
Initially, this court determines that the respondent’s claim of laches and defense of the Statute of Limitations is without merit.
*436 The court recognizes that the position of kindergarten teacher in New York State’s public schools has received unique treatment by the Commissioner of Education and the courts with respect to seniority and tenure rights (see, Matter of Schlosser v Board of Educ., 47 NY2d 811 [1979]; see also, Matter of Raster v Board of Educ., 15 Ed Dept Rep 254; Matter of Ablondi v Commissioner of Educ. of State of N. Y., 87 Misc 2d 516, affd 54 AD2d 507 [1976]).
Based upon the foregoing determinations, as well as others, a part-time teacher in any other discipline serves at will and accumulates neither seniority nor tenure rights for the purposes of job retention. Kindergarten teachers, however, who teach single sessions are considered to be full-time teachers for the purposes of seniority and tenure accrual.
This court’s research does not disclose any case decided in this State which recognizes a teacher’s right to assert seniority to either oust another teacher from a position or preclude the hiring of a teacher new to a school district other than at a time incidental to the abolition of the positions or when a teacher has legal status on a recall list (Education Law § 2510 [2] , [3]).
In this case, it is neither alleged that petitioner’s change in service from full day to part day resulted from a wrongful or illegal application of Education Law § 2510 (2) to her tenure and seniority rights in September of 1982, nor is it alleged that she had recall rights pursuant to Education Law § 2510 (3) which were violated at any time from 1982 through and including September of 1985 when she claimed she had the right to decide that she would return to a full-day teaching service.
The petitioner has failed to show that assumption of single-session kindergarten duties was involuntary and caused by a layoff pursuant to Education Law § 2510 (2), but the facts indicated that she served in a single-session kindergarten for three consecutive years while various full-time positions became available and were filled by others with less seniority or who were new to the system. This court believes that petitioner’s rights in the respondent school district are limited to service in a single-session kindergarten. She has neither the right to claim a full-time position by causing the ouster of a less senior incumbent nor to preclude the district from hiring a new teacher to a full-time position.
Finally, the court is of the opinion that no cause of action *437 exists in this State based upon the claimed violation of accumulated seniority rights. The Education Law does provide a mechanism for probationary and tenured teachers employed in the public schools of this State to assert their seniority rights, within the tenure area of their employment, at a time incidental to the abolition of their positions or at a time when the same or similar position within the tenure area of employment from which the teacher had been laid off becomes vacant and thereby activates the laid-off teacher’s recall rights (Education Law § 2510; see also, Matter of Lezette v Board of Educ., 35 NY2d 272 [1974]).
Within the context of the facts of this case, the court concludes that this petitioner has failed to show that her seniority rights under Education Law § 2510 have been violated with the result that the petitioner has failed to state a cause of action for the particular relief requested.
The motion of the respondent to dismiss in point of law is granted and the petition is dismissed in its entirety.
This constitutes the decision and judgment of this court.