■ In the Matter of ANDREA COLE, Respondent, v BOARD OF EDUCATION OF SYOSSET CENTRAL SCHOOL DISTRICT et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondent Board of Education of Syosset Central School District to reinstate the petitioner to her full-time position nunc pro tunc to July 1, 1988, the appeal is from an order and judgment (one paper) of the Supreme Court, Nassau County (Collins, J.), entered April 25, 1989, which denied the appellants' motion to dismiss the petition, and granted the petition.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is granted, and the proceeding is dismissed.

At the end of the 1987-1988 school year, the respondent Board of Education of Syosset Central School District (hereinafter the Board) abolished one school nurse-teacher position.

Pursuant to Education Law § 2510 (2), the Board determined that the petitioner was the least senior teacher in that tenure area and thus removed her from her full-time position. In calculating the petitioner's seniority, the Board did not credit any of the petitioner's service while she was assigned to a parochial school on the ground that it was a part-time position for which she did not earn seniority credit.

The parochial school day was six hours, while the school day at the school district's public schools was seven hours. Thus, while assigned to the parochial school, the petitioner had been paid only six sevenths of a full-time salary. In this proceeding, the Supreme Court agreed with the petitioner's contention that she nevertheless worked a full day at the parochial school and therefore her position at the parochial school should be deemed a de facto full-time position. We disagree.

It is well settled that in the absence of a collective bargaining provision to the contrary, part-time service need not be credited in computing seniority credit (see, Matter of Ceparano v Ambach, 53 NY2d 873; Matter of Schlosser v Board of Educ., 47 NY2d 811; Matter of Schoenfeld v Board of Coop. Educ. Servs., 98 AD2d 723). The petitioner does not dispute that she was notified in writing that her position at the parochial school was considered part time. While the petitioner further contends that she taught the same number of hours as the other teachers in the parochial school, the appropriate comparison is to the time worked by full-time teachers in the school district. The petitioner concedes that she worked only six sevenths of the time worked by the other school-nurse teachers in the school district.

The reliance by the petitioner and the Supreme Court on Matter of Ablondi v Commissioner of Educ. (87 Misc 2d 516, affd 54 AD2d 507) is misplaced. In that case, the courts merely held that there was a rational basis for the Commissioner of Education's determination that a teacher assigned just to one kindergarten class, which by its nature was a half-day session, was entitled to seniority credit. However, we find no reason to compel the Board to adopt a similar ruling in this case with regard to the petitioner's part-time service in the parochial school.

Accordingly, we find that the Board's actions had a rational basis and were not arbitrary and capricious, an abuse of discretion, or contrary to law. Mangano, P. J., Bracken, Lawrence and Ritter, JJ., concur.