Matter of Glantz v Board of Educ. of the Rye City Sch. Dist. (2023 NY Slip Op 05133)

Matter of Glantz v Board of Educ. of the Rye City Sch. Dist.

2023 NY Slip Op 05133

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2021-03887
 (Index No. 61026/20)

[*1]In the Matter of Alana Glantz, et al., appellants,
v
Board of Education of the Rye City School District, respondent-respondent, et al., respondents.

Charny & Wheeler P.C., Rhinebeck, NY (Nathaniel K. Charny of counsel), for appellants.
Ingerman Smith, LLP, Harrison, NY (Emily J. Lucas and Stephanie Bellantoni of counsel), for respondent-respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review two determinations of the respondent Board of Education of the Rye City School District, both dated May 21, 2020, which terminated the petitioners' employment as teaching assistants, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Anne E. Minihan, J.), dated April 27, 2021. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In September 2020, the petitioners commenced this proceeding pursuant to CPLR article 78 to review two determinations of the Board of Education of the Rye City School District (hereinafter the Board), both dated May 21, 2020, which terminated their employment as teaching assistants. The petitioners alleged that the Board declined to terminate the employment of at least two other teaching assistants who had lesser seniority than the petitioners in violation of Education Law § 3013(2) and a collective bargaining agreement between the Board and petitioners' union. The Board interposed an answer in which it asserted, inter alia, that the protections afforded under Education Law § 3013(2) did not apply to the petitioners because they were part-time teaching assistants. In a judgment dated April 27, 2021, the Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal.
Pursuant to Education Law § 3013(2), whenever a board of education "abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued." Here, the collective bargaining agreement provided that "[l]ayoffs[ ] for Teaching Assistants shall be in accordance with Education Law Section 3013." Moreover, the Court of Appeals has recognized that teaching assistants "fall within the purview of Education Law § 3013(2) for the purpose of determining layoffs" (Matter of Madison-Oneida Bd. of Coop. Educ. Servs. v Mills, 4 NY3d 51, 54).
However, the Board contends that the protections afforded under Education Law § 3013(2) apply only to full-time teaching assistants, and that the petitioners were part-time teaching [*2]assistants. The petitioners do not dispute the Board's contention that Education Law § 3013(2) applies only to full-time teaching assistants.
The petitioners failed to establish that they were full-time teaching assistants entitled to the protections afforded under Education Law § 3013(2) (see Matter of Walters v Amityville Union Free School Dist., 251 AD2d 590, 591; Matter of Cole v Board of Educ. of Syosset Cent. School Dist., 167 AD2d 538, 539).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
DUFFY, J.P., CHAMBERS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court