■ RICHARD GRIFFITH et al., Appellants, v. BOARD OF EDUCATION, MOUNT PLEASANT CENTRAL SCHOOL DISTRICT No. 1, WESTCHESTER COUNTY, Respondent. — In a proceeding under article 78 of the CPLR to review respondent's determination, dated May 15, 1972, which terminated the services of petitioner Griffith, and for related relief, the appeal is from a judgment of the Supreme Court, Westchester County, dated March 13, 1973, which dismissed the petition. Judgment reversed, on the law, with $20 costs and disbursements, and proceeding remitted to Special Term (1) for a further hearing on the factual issue whether petitioner Griffith was in fact a guidance counselor with added administrative duties and (2) for a new determination. Petitioner Griffith, a State-certified guidance counselor, was granted tenure as a " guidance coordinator, secondary ". His 1968–1969 " Salary Notice " stated: " Step: 15 Schedule: A-M.A. Basic Salary: $13,000 Extra duty assignment: Coordinator of Guidance Extra duty compensation: $1,500 ". Subsequent salary notices were identical, except for an increase in the " Basic Salary " item. After Griffith became ill and was placed on medical leave, the respondent Board of Education appointed one Sharon Strauzer as a guidance counselor in Griffith's school and later abolished the position of " guidance coordinator, secondary ". Griffith contends that he acquired tenure as a counselor, since he was in fact a counselor with added administrative duties, and that he should therefore be appointed counselor in place of Ms. Strauzer, who is junior to him. In *Matter of Burns* (12 Ed. Dept. Rep. 111, 112), the Commissioner of Education ruled: " Respondent has admitted in its answer that petitioner spent more than one-half of his time performing the duties of a guidance counselor even though his title was director of guidance. Respondent's position is further eroded by the admission in the affidavit of the president of the board of education that Mrs. Marianne Kaiser was hired ' as a Guidance Counselor, to perform the services previously performed by the Petitioner herein '. This admission clearly places this aspect of this case within the rule established in *Matter of Angel* (3 Ed. Dept. Rep. 238 [1964]). Petitioner, having performed services more than half of the time as

a guidance counselor, has tenure as a guidance counselor and not as a director of guidance. His position has not legally been abolished and he is entitled to the protection of the tenure law, if he is competent to continue in the employ of respondent." (See, also, *Matter of Bernreuther* [9 Ed. Dept. Rep. 69].) The commissioner's decision in *Matter of Burns (supra)* is neither arbitrary nor capricious. "The intent of the statute and the common sense of the thing seem to be that tenure results from continuing a teacher in the same kind of teaching job after she has satisfactorily served for the full probationary period in that particular category of teaching" (*Matter of Becker* v. *Board of Educ. of Middleburgh Cent. School Dist. No. 1,* 9 N Y 2d 111, 115–116). Gulotta, P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.