■ In the Matter of MAINE-ENDWELL TEACHERS ASSOCIATION et al., Appellants, v MAINE-ENDWELL CENTRAL SCHOOL DISTRICT et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Fischer, J.), entered February 16, 1982 in Broome County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, seeking a declaration that the co-ordinators of Social Studies, Math, English, Science, and Foreign Languages are teachers in the teacher tenure area and that they are the least senior members of their tenure areas, and which dismissed as moot respondent co-ordinators' cross claim for reinstatement to their co-ordinator tenure areas. Due to a decline in student enrollment and for economic reasons Maine-Endwell Central School District and its board of education abolished certain teaching positions effective June 30, 1981. As a result and pursuant to section 2510 of the Education Law, the services of William Yusavage, Ann Maher, Joyce Fowler, Barbara Maxian and Emile Miller, all teachers, were terminated as the least senior personnel in their teacher tenure area. Respondents Thomas Jones, Fred Edwards, David Kerins, John Cronin and John McDermott are, respectively, co-ordinators of Science, English, Social Studies, Foreign Languages and Math. All were appointed to their positions during the 1960's. As co-ordinators, they not only performed various administrative duties, such as assisting in determining curriculum and budgets, but they also continued to teach, carrying course loads which sometimes constituted more than 50% of a normal teaching load. By petition dated May 16, 1981, petitioners allege that respondent co-ordinators, in 1980 and 1981, carried teaching loads which occupied more than 50% of their time, that they thereby became full-time teachers and that their tenure areas consequently changed from co-ordinator to teaching. Petitioners assert, therefore, that respondent co-ordinators should have been considered as teachers, beginning in 1980 or 1981, and placed on teacher tenure lists. Respondent co-ordinators then would have been lowest on the teacher tenure lists and terminated. Respondent co-ordinators responded that they devote over 50% of their time to administrative duties, that their administrative and teaching duties had not changed substantially in 1980 or 1981, and that these duties had remained constant since their appointments to their administrative positions. They assert that they are properly within an administrative tenure area, and, if found to be teachers, their seniority should be measured from the date of their respective original appointments. Further, respondent co-ordinators contend that if they are found to be in a tenure area which includes both teaching and administrative duties, such a hybrid tenure area would be separate and distinct from a teaching tenure area. After a hearing held to determine facts raised by the papers, Special Term held that petitioners had failed to meet their burden of proving that respondent board and school district had violated subdivision 2 of section 2510 of the Education Law and dismissed the petition. A cross claim interposed by respondent co-ordinators was also dismissed as moot. This appeal ensued. There should be an affirmance. Respondent board did not violate subdivision 2 of section 2510 of the Education Law[*] in discontinuing petitioner teachers as the least senior members of their tenure area. Petitioners' contention that a 50% test in determining tenure areas whereby an

---

[*] Subdivision 2 of section 2510 provides: "Whenever a board of education abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued."

employee's tenure area is considered to be that to which the employee devotes more than 50% of his or her time is well taken. The 50% rule has generally been applied in determining whether an employee should be in an administrative or a teacher tenure area (see, e.g., *Matter of Coates v Ambach,* 52 AD2d 261, affd 42 NY2d 846; *Griffith v Board of Educ.,* 43 AD2d 953). The fairest method of determining the tenure area to which an employee belongs appears to be by reference to the time of the normal workday spent teaching and that spent administrating. Although both administrative and teaching duties require time spent on duties outside the regular working day, such outside time is difficult to quantify and for that reason should be excluded in making this determination. In the case at bar, the proof revealed the fraction of time devoted by respondent co-ordinators to teaching and to administrative duties during a normal seven and one-half hour school day. The teaching fraction was arrived at by determining the fraction of a full teaching load being carried that year, and the administrative fraction was found by subtracting the teaching fraction from 1.0. Additionally, respondent co-ordinators testified that they were required by their contract to work a school year of 20 or 28 days longer than regular teachers, and that these extra days were entirely devoted to administrative work. Applying the formula outlined, it appears that respondent co-ordinators, with the exception of Mr. Cronin and Mr. McDermott, have fluctuated between devoting the majority of their time to teaching and administrative duties since becoming co-ordinators. However, this does not mean that the co-ordinators have similarly changed tenure areas during these years. When a tenured employee is assigned work outside his area of tenure, without being clearly and explicitly informed that such work is not within his tenure area, the work will be considered within his original area for purposes of seniority (see *Matter of Keeney,* 17 Ed Dept Rep 314). There is evidence that respondent co-ordinators were continually told that they were in a co-ordinator tenure area. Thus, an increase in teaching load subsequent to tenure as co-ordinators did not change their areas of tenure. The question then remains whether respondent co-ordinators ever gained tenure as co-ordinators. It is clear that tenure may not be granted for part-time positions (see *Matter of Gates,* 12 Ed Dept Rep 194). An employee, to achieve tenure in a specific area, must be employed for over 50% of his time in that area for a three-year probationary period. The testimony here indicated that all respondent co-ordinators, with the exception of Mr. Cronin and Mr. McDermott, had completed at least three years as full-time co-ordinators using the 50% test by the time petitioner teachers were terminated at the completion of the 1980-1981 school year. We note that the time used to compute whether a probationary period has been completed for purposes of tenure need not be continuous (*Matter of Lindsey v Board of Educ.,* 72 AD2d 185). The situation is different with respect to respondents Cronin and McDermott. Neither had devoted more than 50% of his time to administrative duties for three full years prior to petitioner teachers' dismissals. They were, therefore, actually in a teacher tenure area. However, both have been teachers since 1964-1965. Based on a 10-month school year, they have, respectively, 180 and 160 months of seniority. None of petitioner teachers has been shown to have acquired as much seniority. Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.