■ In the Matter of BETTY L. NIXON, Appellant, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF THE SOLE SUPERVISORY DISTRICT OF STEUBEN-ALLEGANY COUNTIES, Respondent.—Judgment unanimously reversed on the law with costs and petition granted. Memorandum: Petitioner, a holder of a doctorate degree, was appointed Director of Instructional Support Services of respondent, effective October 2, 1984. Because respondent was acting under the erroneous belief that petitioner's position did not require certification by the State Education Department (SED), certification was not made a condition of petitioner's employment. There is no dispute that petitioner was eligible for certification. In fact, she had been certified in allied positions in the States of West Virginia and New

Jersey. Thereafter in May 1986, respondent was notified by SED that petitioner's position required certification. Acting on this directive, respondent applied for and obtained, on petitioner's behalf, a temporary license on September 1, 1986 and thereafter a permanent certificate was issued effective September 1, 1987. On September 8, 1988 respondent terminated petitioner's employment effective 30 days thereafter.

Petitioner commenced this CPLR article 78 proceeding, claiming that her four years of continuous satisfactory service in the probationary position entitled her to tenure. Respondent contends that because petitioner was certified for only two of her four years of service she was not eligible for tenure.

Supreme Court held that petitioner was a "temporary" employee during the years she served uncertified and, therefore, petitioner was not entitled to tenure because she had only two years of probationary status at the time of termination. We disagree and reverse for the following reasons.

At the time of petitioner's employment, Education Law § 3014 mandated that BOCES administrators, such as petitioner, be appointed to probationary periods. School districts are not free to disregard this requirement and appoint "temporary employees" to these positions in an effort to avoid the timely awarding of tenure (see, Ricca v Board of Educ., 47 NY2d 385). Consequently, respondent could not have achieved the result ordered by Supreme Court even had it consciously intended that result. Nor would respondent's "good faith" have excused the hiring of a temporary employee. In this regard the Court of Appeals in Ricca v Board of Educ. (supra, at 391), stated: "[The tenure system] is a legislative expression of a firm public policy determination that the interests of the public in the education of our youth can best be served by a system designed to foster academic freedom in our schools and to protect competent teachers from the abuses they might be subjected to if they could be dismissed at the whim of their supervisors. In order to effectuate these convergent purposes, it is necessary to construe the tenure system broadly in favor of the teacher, and to strictly police procedures which might result in the corruption of that system by manipulation of the requirements for tenure. * * * *Even 'good faith' violations of the tenure system must be forbidden, lest the entire edifice crumble from the cumulative effect of numerous well-intentioned exceptions."* (Emphasis added.)

Petitioner should not have been placed by Supreme Court into the illegal category of a "temporary employee" when BOCES was prohibited from doing so. When a school district

disobeys the tenure law, it is the school district, and not the teacher, that must bear the consequences *(Matter of Board of Educ. v Nyquist,* 45 NY2d 975, 976). Petitioner, who was innocent of all wrongdoing, should be treated no less fairly than a teacher illegally hired as a "temporary" teacher. Since a teacher illegally hired as a temporary teacher must be granted tenure, so should petitioner *(see, Matter of Board of Educ. v Nyquist, supra).* The purpose of the tenure laws would be upheld by a determination that petitioner was entitled to tenure when she continued employment after September 1987 *(Matter of Lindsey v Board of Educ.,* 72 AD2d 185, 186). No statutory purpose would be served by requiring petitioner to serve a total of five years before being granted tenure.

We conclude, therefore, that petitioner, who possessed the necessary requirements for certification at the time of her employment, but who did not obtain certification because of respondent's conduct, should not be penalized for that fact. Since petitioner was entitled to certification when hired and obtained certification as soon as she was advised of the requirement, she should not have been required to start her probationary period from the date she became certified because of the district's error. (Appeal from judgment of Supreme Court, Steuben County, Finnerty, J.—article 78.) Present—Dillon, P. J., Callahan, Doerr, Green and Lawton, JJ.