[617 NYS2d 243]

In the Matter of DEBORAH BORON, Appellant, v THOMAS J. SOBOL, as Commissioner of Education of the State of New York, et al., Respondents.

Third Department, October 13, 1994

---

## APPEARANCES OF COUNSEL

*Bernard F. Ashe,* Albany *(Gerard John De Wolf* of counsel), for appellant.

*Lizette A. Cantres,* Albany *(Robert Wright* of counsel), for Thomas J. Sobol, respondent.

*Mahoney, Berg & Sargent,* Buffalo *(Russell E. Fox* of counsel), for Board of Education of the Barker Central School District, respondent.

## OPINION OF THE COURT

PETERS, J.

Effective September 1, 1985, petitioner received tenure in the special subject area of remedial reading from respondent Board of Education of the Barker Central School District (hereinafter the Board). Respondent Carol Feltz is a teacher employed by the Board who accepted a tenure appointment in the "Methods Analyst" area effective September 1980. By letter dated October 6, 1986, Feltz was advised by the Board that since "Part 30 Regulations of the Board of Regents do not authorize probationary appointment of 'Methods Analyst' ", the school district's Superintendent was going to recommend to the Board that it change her tenure appointment to that of elementary education and that she be assigned the responsibilities for the position of "Reading/Language Arts Specialist, K-12". Feltz was simultaneously informed that such action "will not alter [her] past or future seniority. All seniority will be accrued in the area of Elementary Education." Feltz formally acknowledged and consented in writing to such change. The Board thereafter approved such change and confirmed that all past and future seniority would be accrued in that area.

As of July 1, 1991 petitioner had accumulated 7 years, 9

months and 26.5 days of seniority in her tenured area of remedial reading while Feltz had accumulated 14 years of seniority in her tenured area of elementary education. By notice dated February 27, 1992, petitioner was informed that beginning in the 1992-1993 school year, her employment would be terminated due to the Board's decision "to eliminate one position in the tenure area of reading". Feltz was simultaneously advised that as of the commencement of that same school year, she would exclusively be instructing reading at the elementary and high school levels.

Petitioner unsuccessfully appealed from the Board's termination of her employment to respondent Commissioner of Education. The Commissioner noted that despite the notices sent to Feltz and the affirmative action of the Board in appointing Feltz to the elementary education tenure area, which Feltz acknowledged and accepted in writing six years earlier, Feltz's tenure area was improperly designated. It found that the Board merely corrected its "bookkeeping" error to now place her in the special subject tenure area of remedial reading. Due to such redesignation, the Commissioner found that Feltz had greater seniority than petitioner in the reading tenure area and consequently dismissed petitioner's appeal.

Petitioner commenced this CPLR article 78 proceeding to review the Commissioner's determination. Supreme Court confirmed the Commissioner's determination and petitioner now appeals.

As noted by the Court of Appeals in *Ricca v Board of Educ.* (47 NY2d 385, 391): "[The tenure system] is a legislative expression of a firm public policy determination that the interests of the public in the education of our youth can best be served by a system designed to foster academic freedom in our schools and to protect competent teachers from the abuses they might be subjected to if they could be dismissed at the whim of their supervisors. In order to effectuate these convergent purposes, it is necessary to construe the tenure system broadly in favor of the teacher, and to strictly police procedures which might result in the corruption of that system by manipulation of the requirements for tenure. * * * Even 'good faith' violations of the tenure system must be forbidden, lest the entire edifice crumble from the cumulative effect of numerous well-intentioned exceptions". *(See also, Matter of Nixon v Board of Coop. Educ. Servs.,* 168 AD2d 952, *lv dismissed* 78 NY2d 1072.)

The Commissioner maintains that the tenure area to which an employee belongs should be determined not by an employee's job description title, but rather by reference to the nature of the employee's work (see, *Matter of Maine-Endwell Teachers Assn. v Maine-Endwell Cent. School Dist.,* 92 AD2d 1052). Moreover, 8 NYCRR 30.8 (a) provides in part: "A professional educator who is employed to devote a substantial portion of his time to instruction in one or more of the following subjects shall be deemed to serve in a special subject tenure area or areas encompassing such subject * * * (13) remedial reading". The regulations thereafter define a substantial portion of a professional educator's time as "40 percent or more of the total time spent by a professional educator in the performance of his duties, exclusive of time spent in preparation, monitoring or in co-curricular activities" (8 NYCRR 30.1 [g]). After reviewing Feltz's evaluations and a "sampling" of her 14 years of lesson plans, the Commissioner determined, without any further explanation, that the Board properly found that Feltz spent a "substantial portion" of her professional time in the remedial reading tenure area.

After reviewing each and every page of the 14 years of lesson plans as well as each and every one of Feltz's evaluations completed over the last 10 years, we do not find that the Board's determination is supported by the record. We first note, as did petitioner: "A professional educator who is employed to devote a substantial portion of his time to classroom instruction in the common branch subjects at the kindergarten (including pre-kindergarten) level and/or in any of the first six grades shall be deemed to serve in the elementary tenure area" (8 NYCRR 30.5). Common branch subjects are defined as: "any or all of the subjects usually included in the daily program of an elementary school classroom such as arithmetic, civics, visual arts, elementary science, English language, geography, history, hygiene, physical activities, practical arts, reading, music, writing, and such other similar subjects" (8 NYCRR 30.1 [b]).

Despite these regulations, the Commissioner determined that "the record evidence is devoid of any indication that respondent Feltz's duties consisted of teaching the common branch subjects in elementary education". We note that in her affidavit before the Commissioner, Feltz stated, without challenge, that: "Since September 1, 1978, I have performed a number of functions, including coordinating reading and language arts instruction, curriculum development and imple-

mentation, evaluating and testing of students, classroom teaching and teacher training at the elementary level." A review of the lesson plans and Feltz's evaluations during the relevant period support her characterization of her duties to be in the area of elementary education rather than the area of remedial reading, notably not defined either in the regulations or by the Commissioner.

Further "[i]t is axiomatic that a teacher's tenure area is fixed when he is appointed and may not be altered retroactively by redesignation of the nature of that teacher's tenure area" *(Matter of Zappulla,* 25 Ed Dept Rep 54, 59; *see, Waiters v Board of Educ.,* 46 NY2d 885). As the Commissioner has previously determined in *Matter of Lawrence* (32 Ed Dept Rep 398, 401), "an assignment outside of a teacher's tenure area requires the teacher's consent". Such holding has been codified in 8 NYCRR 30.9 (b).

The record clearly reflects, without contention, that Feltz has neither received a probationary appointment or tenure in the special subject area of remedial reading, nor has she received the required advance notice that her tenure area was to be limited to the special subject area of remedial reading *(see, Waiters v Board of Educ., supra).* We find, based upon 8 NYCRR 30.9 (b) and *Matter of Maine-Endwell Teachers Assn. v Maine-Endwell Cent. School Dist. (supra),* followed by *Matter of Lawrence (supra),* that absent express notification and written consent by Feltz that the work to which she was assigned was not in her appointed tenure area, all work assigned to her must be deemed, as a matter of law, to constitute service in her appointed tenure area. Hence, any contention by respondents that such notice was not required to "alert" Feltz that she was performing duties not in the tenured area of elementary education but in the area of remedial reading must be rejected despite the Commissioner's characterization of the oversight as a "good faith" error *(see, Matter of Nixon v Board of Coop. Educ. Servs., supra,* at 953), appropriately remedied by a bookkeeping correction *(see generally, Matter of Murchison,* 21 Ed Dept Rep 11) when there was no regulatory change in the tenure areas *(see, Matter of Collins,* 29 Ed Dept Rep 198, 200). We have further reviewed all additional contentions raised by the parties and find them to be without merit. We therefore annul the Commissioner's determination as arbi-

trary and capricious *(see, Matter of Zubal v Ambach,* 103 AD2d 927).

MIKOLL, J. P., MERCURE and YESAWICH JR., JJ., concur.

Ordered that the judgment is reversed, on the law, with costs, determination annulled and petition granted.