OPINION OF THE COURT
David Demarest, J.
This is a special proceeding brought pursuant to CPLR article 78 by petitioner (Abrantes), a former full-time tenured teacher, against her former employer, the Board of Education of the Norwood-Norfolk Central School District (Board of Education), to review her termination on June 30, 1994.
SEQUENCE OF EVENTS
On June 14, 1988 the Board of Education appointed *659 Abrantes "computer science teacher 7-12” for a three-year probationary period effective September 6, 1988. Apparently, Abrantes was in possession of a provisional certification from the New York State Education Department as a nursery, kindergarten and grades 1-6 teacher. It is undisputed that during the school years: 1988-1989, 1989-1990, 1990-1991, Abrantes taught computer classes to students in grades 7 through 12. Thereafter, and upon expiration of her probationary period, on June 25, 1991, Abrantes was granted tenure as a "computer teacher K-8”.
There is some dispute as to Abrantes’ duties during the 1991-1992 school year. It is petitioner’s contention she was assigned a full-time class load of elementary students. Respondent alleges Abrantes’ duties continued to be teaching computer classes to students in grades 7 through 12. In September 1992 petitioner received her permanent K-6 certification "nursery, kindergarten & grades 1-6”. There exists a minor dispute as to petitioner’s duties during the 1992-1993 school year. Petitioner avers she taught second, fourth, fifth and sixth graders while it is respondent’s position she taught fourth, fifth and sixth graders in the area of computers. In any event, these duties were at the elementary level. During Abrantes’ final year, 1993-1994, it appears both parties agree she taught computer classes to fifth and sixth grade students as well as one class each day of seventh grade students. On February 1, 1994 Abrantes was awarded her permanent certification in "Art”. Thereafter, on April 19, 1994 Abrantes was advised that her "position was being terminated for the 1994-95 school years”. (See, Watkins’ letter, Apr. 19, 1994, para 2.)
Taking into consideration this brief history several issues must be addressed respecting tenure rights afforded by statute. Specifically, it is petitioner’s position that Education Law § 2510 (2) and § 3013 (2) prohibited respondent from excessing her since "the services of the teacher having the least seniority in the system within the tenure of the position abolished” (emphasis added) should have been excessed, and Abrantes was not the least senior teacher.
TENURE
This appears to be a case of first impression, on this very specific issue, and, therefore, the court has drawn from the Education Law, part 30 of the Rules of the Board of Regents (8 NYCRR), case law, and the general history and rationale *660 surrounding the theory of tenure. Tenure is a "legislative expression of a firm public policy determination that the interests of the public in the education of our youth can best be served by a system designed to foster academic freedom in our schools and to protect competent teachers from the abuses they might be subjected to if they could be dismissed at the whim of their supervisors. In order to effectuate these convergent purposes, it is necessary to construe the tenure system broadly in favor of the teacher, and to strictly police procedures which might result in the corruption of that system by manipulation of the requirements for tenure * * * Even 'good faith’ violations of the tenure system must be forbidden, lest the entire edifice crumble from the cumulative effect of numerous well-intentioned exceptions.” (Ricca v Board of Educ., 47 NY2d 385, 391 [1979].)
It is noteworthy that, effective August 1, 1975, the Board was required to make probationary and tenure appointments in accordance with the provisions of part 30 of the Rules of the Board of Regents, which set forth tenure areas (see, 8 NYCRR 30.2 [a]; Matter of Nagel v Board of Educ., 83 AD2d 852 [2d Dept 1981]; Matter of Kohler v Board of Educ., 122 AD2d 878, 879 [2d Dept 1986]). In the case at bar it is undisputed that the Board of Education did not place Abrantes in a recognized tenure area pursuant to part 30 of the Rules of the Board of Regents.
In Matter of Boron v Sobol (205 AD2d 28 [3d Dept 1994]), the Third Department reviewed the Commissioner’s recharacterization of the Board of Education’s redesignation of a teacher’s tenure area. Specifically, the teacher (Feltz) was employed by the Board, accepting a tenure appointment in the "methods analyst” area effective September 1980. Six years thereafter she was advised by the Board that "Part 30 Regulations of the Board of Regents do not authorize probationary appointment of 'methods analyst’ ” and the superintendent advised her he was going to recommend the Board redesignate her tenure appointment to that of "elementary education”, assigning her the responsibilities of "Reading/Language Arts Specialist, K-12”. (205 AD2d, at 29, supra.) Further, she was informed that the redesignation would not alter any of her past or future seniority so that her seniority would be accrued in the area of "Elementary Education.” (Supra.) She formally acknowledged and consented, in writing, to the redesignation; and, the Board approved the alteration, confirming her past and future seniority would be computed in the "elementary *661 education” area. In 1992, a second teacher (Boron) was informed her employment would be terminated since the Board decided to "eliminate one position in the tenure area of reading”. (Supra, at 30.) At the same time, Feltz was advised her duties would be instructing reading at the elementary and high school levels. Boron challenged Feltz’s tenure area as being an improper designation. The Commissioner found the Board of Education "merely corrected its 'bookkeeping’ error to now place her in the special subject tenure area of remedial reading.” (Supra [emphases added].) The Third Department, after reviewing Feltz’s 14 years of lesson plans and her 10 years of evaluations, disagreed and found her duties to be in the area of "elementary education” rather than "remedial reading”. (Supra, at 32.)
Boron (supra) is instructive in the instant case because, like Feltz, Abrantes accepted a tenure appointment in an area which was not recognized by part 30 of the Rules of the Board of Regents. It is undisputed that the tenure area to which an employee belongs should be determined not by an employee’s job description title, but rather by reference to the nature of the employee’s work. (Matter of Boron v Sobol, supra; Matter of Maine-Endwell Teachers Assn. v Maine-Endwell Cent. School Dist., 92 AD2d 1052 [3d Dept 1983].) Although the Norwood-Norfolk Central School District Board of Education did not, on its own initiative, correct its improper tenure appointment, correction of such "bookkeeping” error has been implicitly authorized by the Third Department.
In making such a correction the Board of Education is to look to the nature of the teacher’s work, not her job description/title. In doing so, it is compelling that she served her three-year provisional appointment by teaching computer science to seventh through twelfth graders and, notwithstanding the 7-12 grade appointment, was granted tenure in teaching computer science in kindergarten through eighth grade. Although the title is not determinative, based on petitioner’s own affidavit the court finds her duties were limited to the subject of computer science. Viewed in the light most favorable to Abrantes, her duties at the elementary level comprised three of her six years of service within the school district, none of those three years of service having occurred during her three-year provisional appointment in "computer science 7-12”, but rather subsequent to her award of tenure as "computer teacher K-8”. Petitioner relies on the fact she was only certified to teach kindergarten through sixth grade as disposi *662 tive of her provisional appointment and ultimate award of tenure; however, the court is not so persuaded.
Petitioner has cited several cases in support of her position that teachers, having served at the secondary or elementary level, albeit in a nontraditional classroom position, still fell within the school district’s general secondary or elementary tenure area. Although the court has found these cases instructive and educational with respect to the general topic of statutorily guaranteed tenure rights, those cases involved teachers who, in the first instance, were assigned to a tenure area actually recognized by part 30 of the Rules of the Board of Regents; which classification was, thereafter, redesignated as a more general tenure area, i.e., "elementary” or "middle grades”. The case at bar is easily distinguished since petitioner was never appointed to a recognized tenure area in the first instance.
Petitioner’s own affidavit supports a finding that the nature of petitioner’s work was not in the elementary tenure area. Based on her own affidavits, and without benefit of her lesson plans, it does not appear she devoted a substantial portion of her time to classroom instruction in the common branch subjects at the kindergarten level and/or in any of the first six grades. As defined in part 30 of the Rules of the Board of Regents (8 NYCRR 30.1 [b]), the common branch subjects include "arithmetic, civics, visual arts, elementary science, english language, geography, history, hygiene, physical activities, practical arts, reading, music, writing and other such similar subjects.” Petitioner has failed to set forth any basis or evidence that her duties as a computer science teacher fell within any one, or several, of the enumerated common branch subjects.
Abrantes avers that while teaching at the elementary grade level her instructional curriculum included "introducing her students to the operation of the computer key board * * * [and] * * * aided with the use of the computer, [instructing] her elementary students in the following elementary academic subject areas — arithmetic, civics, elementary science, english language and composition, geography, history, reading, writing, art, music and spelling.” (Petitioner’s Nov. 22, 1994 verified petition, para 18), and "working in conjunction with her students’ homeroom teachers with respect to the subject matter of the current academic lessons [and devising her curriculum lessons] * * * in order to complete or assist in the completion of various special projects and/or assignments (e.g. *663 research, writing) which students would be working on in their homeroom.” (Id., para 19.) From Abrantes’ own affidavit, it appears the nature of her work was the utilization of computers as accouterments in facilitating the preparation of students’ work for their common branch subjects. By petitioner’s own allegations she worked in conjunction with her students’ homeroom teachers to ascertain the subject matter of their current academic lessons so that she could devise curriculum lessons to complete or assist in the completion of their projects and assignments. Based on the limited proof provided this court is unwilling to find the support-type nature of petitioner’s work constituted instruction in any one, or several, of the common branch subjects in the elementary tenure area.
petitioner’s tenure area
In light of the foregoing, petitioner should have been granted tenure in a duly recognized tenure area. Respondent is directed to review petitioner’s duties and responsibilities, lesson plans, evaluations, and the nature of her work vis-á-vis other similarly situated instructors, and place her within the appropriate, recognized tenure area pursuant to Regents Rule part 30 of the Rules of the Board of Regents. Upon redesignating petitioner’s tenure area retroactively, respondent is directed to compute petitioner’s seniority within that area and excess the least senior teacher, but only after having due regard for the Rules of the Board of Regents (8 NYCRR 30.11.) For example, in the event petitioner does not possess the appropriate certification for a special subject tenure area (8 NYCRR 30.8) nothing contained within part 30 "authorize^] or require[s] a board of education * * * [to] retain an individual in a position for which such individual does not possess appropriate certification in accordance with the provisions of Part 80 of the Regulations of the Commissioner of Education.” (Rules of Board of Regents part 30, 8 NYCRR 30.11.)
The area of "qualifications of teachers” in light of a particular teacher’s certification has been previously addressed by the Court of Appeals in Matter of Winter v Board of Educ. (79 NY2d 1 [1992]). If respondents find petitioner was initially hired to teach computer science as a special subject tenure *664 area (8 NYCRR 30.8), an area in which it appears she was not specifically certified to teach, the school district would not be required to retain her based on her lack of appropriate certification since she was "being hired for the first time”. (See, 8 NYCRR 80.18 [a]; 30.11.)