■ In the Matter of STEPHANIE ABRANTES, Appellant, v BOARD OF EDUCATION OF THE NORWOOD-NORFOLK CENTRAL SCHOOL DISTRICT et al., Respondents. [649 NYS2d 957] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Demarest, J.), entered June 23, 1995 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Education of the Norwood-Norfolk Central School District terminating petitioner's teaching position, and (2) from an order of said court, entered December 15, 1995 in St. Lawrence County, which granted petitioner's motion to renew and, upon renewal, adhered to its earlier decision.

In September 1988, respondent Board of Education of the Norwood-Norfolk Central School District (hereinafter respondent) hired petitioner as a teacher of computer education for a three-year probationary period. Petitioner at that time possessed temporary certification as a nursery, kindergarten and grade one through six teacher. During her probationary period, she taught computer science to students in grades seven through 12. At the conclusion of this period, she was granted tenure as a computer teacher for students from kindergarten through eighth grade. It is undisputed that this is not a proper tenure designation pursuant to 8 NYCRR 30.4.

There is some dispute in the record regarding petitioner's teaching duties following her tenure appointment. Petitioner maintains that she taught at the elementary school level in the 1991-1992 school year, while respondent claims that petitioner was in fact assigned to teach seventh through 12th grade. During the 1992-1993 and 1993-1994 years, it is undisputed that petitioner taught at the elementary school level, although in 1993-1994, she also taught a seventh grade class. In 1992, she received her permanent kindergarten through sixth grade certification, and in 1994 she was awarded permanent certification in art. In April 1994, petitioner was advised that her position was being terminated for the 1994-1995 school year. Petitioner commenced a CPLR article 78 proceeding seeking, inter alia, a determination that her termination was unlawful. Supreme Court denied the petition and remitted the case to respondent to review petitioner's duties and place her in a recognized tenure area. Petitioner appeals.

We affirm. Part 30 of the Rules of the Board of Regents ap-

plies to all probationary and permanent appointments and requires that all teachers be appointed to a recognized tenure area (8 NYCRR 30.2 [a]; 30.3 [b]; *see, Matter of Kohler v Board of Educ.*, 122 AD2d 878, 879, *lv dismissed* 70 NY2d 744). The elementary school tenure area consists of prekindergarten, kindergarten and the first six grades of school (8 NYCRR 30.4). In appointing petitioner to a nonexistent tenure area, respondent failed to comply with the relevant regulatory provisions contained in part 30. Unlike *Matter of Boron v Sobol* (205 AD2d 28, *lv dismissed* 85 NY2d 923, *lv denied* 86 NY2d 711), however, respondent made no effort to reassign petitioner to a proper tenure area.

In light of the undisputed fact that petitioner herein was not appointed to a proper tenure area, the question that remains is the remedy that should be afforded her. Preliminarily, we agree with Supreme Court that petitioner cannot be deemed to have served in the elementary tenure area. A teacher will be deemed to serve in the elementary tenure area if he or she devotes a substantial portion of her time to classroom instruction in the common branch subjects at the kindergarten (including prekindergarten) through sixth grade levels (8 NYCRR 30.5). *"Common branch subjects"* are defined as "any or all of the subjects usually included in the daily program of an elementary school classroom such as arithmetic, civics, visual arts, elementary science, English language, geography, history, hygiene, physical activities, practical arts, reading, music, writing, and such other similar subjects" (8 NYCRR 30.1 [b]). Based upon the limited record before us, we agree with Supreme Court that petitioner worked with homeroom teachers in facilitating instruction in the common branch subjects, but did not in fact teach the common branch subjects.

The tenure area to which a teacher belongs should be determined not by the teacher's job description title, but rather by reference to the nature of the teacher's work (*see, Matter of Boron v Sobol, supra*, at 31; *Matter of Maine-Endwell Teachers Assn. v Maine-Endwell Cent. School Dist.*, 92 AD2d 1052, 1053). Although we have previously noted that " 'a teacher's tenure area is fixed when he is appointed and may not be altered retroactively by redesignation of the nature of that teacher's tenure area' " (*Matter of Boron v Sobol, supra*, at 32, quoting *Matter of Zappulla*, 25 Ed Dept Rep 54, 59), the facts of this case are highly unusual since petitioner's appointment was to a nonexistent tenure area. Under these circumstances, we agree with Supreme Court that the proper disposition is to remit this case to respondent so that respondent can examine

petitioner's lesson plans, evaluations and in-class work generally in order to reclassify her into an accepted tenure area.

Mercure, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the orders are affirmed, without costs.