■ In the Matter of Susan Kaufman, Appellant, v Fallsburg Central School District Board of Education et al., Respondents. [650 NYS2d 459] —Casey, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered August 4, 1995 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, reinstate her to her former teaching position with respondent Fallsburg Central School District.

Petitioner and respondent Kathleen Foreman are certified special education and elementary teachers who received probationary appointments with respondent Fallsburg Central School District in the elementary tenure area on September 1, 1992. Both teachers had prior service with the school district. When several elementary positions were abolished in 1994, the school district determined that Foreman had more seniority than petitioner for layoff purposes. Petitioner thereafter commenced this proceeding, contending that she was entitled to additional credit in the elementary tenure area for the two months she taught as a regular substitute elementary teacher during the 1991-1992 school year. Petitioner argued that the additional two months of credit would give her greater seniority in the elementary tenure area than Foreman. In its answer, the school district conceded that petitioner was entitled to the additional two months of credit she claimed, but concluded that Foreman was also entitled to additional credit for the entire 1991-1992 school year during which she was assigned, with a team of four other teachers, to teach special needs students who were being "mainstreamed" with nonhandi-

capped sixth grade students. Supreme Court rejected petitioner's argument that Foreman was not entitled to the additional credit and dismissed the petition, resulting in this appeal by petitioner.

Petitioner contends that Foreman is not entitled to the additional credit granted by the school district for two reasons: (1) the facts do not establish that Foreman served in the elementary tenure area during the 1991-1992 school year, and (2) pursuant to this Court's holding in *Matter of Boron v Sobol* (205 AD2d 28, *lv dismissed* 85 NY2d 923, *lv denied* 86 NY2d 711), the school district lacked the authority to grant retroactive credit in the elementary tenure area for service performed by Foreman during her appointment as a special education teacher. We reject petitioner's reasoning.

There is ample evidence in the record that during the 1991-1992 school year Foreman did in fact devote a "substantial portion" of her time (*see,* 8 NYCRR 30.1 [g]) to classroom instruction in the "common branch subjects" (8 NYCRR 30.1 [b]) at the sixth grade level. Accordingly, pursuant to the mandate of 8 NYCRR 30.5, Foreman "shall be deemed to serve in the elementary tenure area". Petitioner contends that the six special needs students taught by Foreman during the 1991-1992 school year should not have been mainstreamed. Petitioner also contends that Foreman's sixth grade class was "dissimilar to the classes of the regular sixth grade teachers" in that her class was substantially smaller and she had the services of a full-time aide. Nevertheless, the fact remains that Foreman did devote a substantial portion of her time to classroom instruction in the common branch subjects at the sixth grade level, which is the relevant requirement for service in the elementary tenure area (*see,* 8 NYCRR 30.5).

Petitioner's argument that the school district lacked the authority to grant retroactive credit to Foreman is premised on the fact that Foreman was originally appointed in the special education tenure area in November 1990 and taught special education classes for the remainder of the 1990-1991 school year. Although Foreman's assignment was changed for the 1991-1992 school year, when she taught mixed classes of both handicapped and nonhandicapped sixth grade students, she was not formally appointed to the elementary tenure area until September 1992. Petitioner contends that in the absence of both express notification that Foreman's assignment for the 1991-1992 school year was outside her appointment in the special education tenure area and Foreman's prior written consent to such assignment, all of the work assigned to her for

the 1991-1992 school year must be deemed to constitute service in her appointed tenure area, i.e., the special education tenure area. Although *Matter of Boron v Sobol* (205 AD2d 28, 32, *supra*) contains some language which supports petitioner's argument, the holding in *Boron* is based upon the facts of the particular case, which are readily distinguishable from the facts herein.

In *Boron (supra)*, a teacher's service was designated to be in the elementary tenure area. Some six years later, while determining seniority for layoff purposes, the school district concluded that the teacher's tenure area had been improperly designated and that the error would be corrected by retroactively redesignating her tenure area from elementary to the special subject tenure area of remedial reading. This Court held that the redesignation was not authorized.

There are two factors which distinguish the *Boron* case *(supra)* from this case. First, in *Boron*, this Court specifically found no evidence in the record that, during the six years following the elementary tenure area designation, the teacher had actually performed a substantial portion of her service in the reading tenure area rather than the elementary tenure area (*Matter of Boron v Sobol, supra*, at 31-32). Second, there is nothing in the *Boron* case to suggest that the teacher's assignment changed in any way after the elementary tenure area designation. In this case, however, it is undisputed that after Foreman was appointed in the special education tenure area and taught special education classes, she was given a different assignment for the 1991-1992 school year, which she accepted. As previously noted, the new assignment required Foreman to devote a substantial portion of her time in the classroom instruction of common branch subjects at the sixth grade level. In these circumstances, we are of the view that the school district had the authority to grant elementary tenure area credit to Foreman for her service during the 1991-1992 school year (*see*, 8 NYCRR 30.5). Although the school district should have taken some affirmative action before assigning Foreman to devote a substantial portion of her time in the elementary tenure area (*see*, 8 NYCRR 30.9), its failure to do so should not, in the circumstances of this case, deprive Foreman of the credit to which she was otherwise entitled (*see*, *Matter of Freeman v Board of Educ.*, 205 AD2d 38, 45).

Based upon the foregoing analysis, petitioner is not entitled to reinstatement to her teaching position even with the additional credit for her two months of service as a regular substitute teacher. Moreover, the school district concedes that

petitioner's service should be recalculated to reflect the additional two months of credit. Accordingly, we see no need to grant any affirmative relief to petitioner. Supreme Court's judgment dismissing the petition should, therefore, be affirmed.

Mikoll, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.