OPINION OF THE COURT
 

 Levine, J.
 

 This appeal requires us to resolve two issues. First, we are asked to review, for record sufficiency, the Appellate Division’s conclusion that, pursuant to the Rules of the Board of Regents, respondent Kathleen Foreman served in the elementary tenure area during the 1991-1992 school year. We are then called upon to decide whether any legal impediment exists to bar the school district from granting respondent seniority credit in that tenure area.
 

 Respondent Foreman received a probationary appointment from respondent Fallsburg Central School District (District) in the District’s special education tenure area in November 1990. Foreman taught special education for the remainder of the 1990-1991 school year. For the 1991-1992 school year, Foreman was assigned to teach sixth grade subjects to mixed classes consisting of regular education students and six learning-disabled special needs students who were being mainstreamed with the regular education students. On September 1, 1992, the District additionally appointed Foreman to the elementary tenure area, and assigned her to teach fourth grade. Petitioner Susan Kaufman, who had prior service in the District as a substitute teacher, also received a probationary appointment in the elementary tenure area on September 1,1992. Kaufman then took over the instruction of Foreman’s sixth grade class.
 

 Effective June 30, 1994, the District abolished four elementary education positions. The District determined that Kaufman had the least seniority in the elementary tenure area and discontinued her service. Kaufman commenced this CPLR article 78 proceeding contending that she was entitled to additional credit in the elementary tenure area for the two months she taught as a regular substitute elementary teacher during the 1991-1992 school year. Kaufman argued that the two additional months of credit would give her greater seniority in the elementary tenure area than Foreman. In its answer, the District conceded that Kaufman was entitled to the two months of credit she claimed, but it also recalculated Foreman’s
 
 *60
 
 seniority and concluded that she was entitled to additional credit in the elementary tenure area for the entire 1991-1992 school year during which she taught the mixed sixth grade class of regular education and special needs students. Accordingly, the District concluded that Foreman remained senior to Kaufman in the elementary tenure area.
 

 Kaufman argued at Supreme Court, and she maintains here, that (1) the facts do not establish that Foreman served in the elementary tenure area during the 1991-1992 school year; and (2) the District lacked authority to grant Foreman seniority credit in the elementary tenure area as of September 1991 because the District had not expressly notified Foreman that her assignment for the 1991-1992 school year was outside her initial special education appointment, and had not obtained her prior written consent to that out-of-tenure area assignment.
 

 Supreme Court rejected Kaufman’s arguments and dismissed the petition, relying on 8 NYCRR 30.5, which provides:
 

 "A professional educator who is employed
 
 to devote a substantial portion
 
 of his time to classroom instruction
 
 in the common branch subjects
 
 at the kindergarten (including pre-kindergarten) level and/or in any of the first six grades
 
 shall be deemed to serve in the elementary tenure
 
 area” (8 NYCRR 30.5 [emphasis supplied]).
 

 A "substantial portion” of the teacher’s time "means 40 percent or more of the total time spent by a professional educator in the performance of his duties, exclusive of time spent in preparation, monitoring or in co-curricular activities” (8 NYCRR 30.1 [g]). "Common branch subjects” are defined under the rules as "any or all of the subjects usually included in the daily program of an elementary school classroom such as arithmetic, civics, visual arts, elementary science, English language, geography, history, hygiene, physical activities, practical arts, reading, music, writing, and such other similar subjects” (8 NYCRR 30.1 [b]). Finding sufficient evidence in the record that Foreman devoted more than 40% of her time to teaching elementary area common branch subjects, Supreme Court upheld the District’s determination that Foreman served in the elementary tenure area during the 1991-1992 school year.
 

 Supreme Court also rejected Kaufman’s argument that the District’s failure both to advise Foreman that her 1991-1992 elementary tenure area assignment was outside the area to
 
 *61
 
 which she was originally appointed, and to obtain her written consent for the assignment change, prevented the District from retroactively crediting that school year toward Foreman’s elementary tenure area seniority. The court reasoned that any other conclusion would penalize teachers for school district mistakes by depriving them of credit to which they would have been entitled but for the school district’s error. The Appellate Division accepted Supreme Court’s reasoning and affirmed (234 AD2d 698). We granted Kaufman leave to appeal, and now affirm.
 

 The courts below correctly concluded that there was a sound factual basis for the District’s determination that Foreman devoted a substantial portion of her time during the 1991-1992 school year to teaching in the elementary tenure area. The record contains ample evidence to support the District’s finding that Foreman devoted over 40% of her time to teaching the "common branch subjects” of reading, science, arithmetic and language arts to her sixth grade students. That some of her sixth graders were learning-disabled special needs students does not, under these circumstances, compel a different conclusion
 
 (see, Matter of Boykin,
 
 15 Ed Dept Rep 348). Therefore, pursuant to 8 NYCRR 30.5, Foreman was entitled to seniority credit in the elementary tenure area for her service during the 1991-1992 school year, and the District properly awarded her such credit, unless there was some legal impediment against doing so.
 

 Kaufman relies on 8 NYCRR 30.9 (b) in support of her contention that the District was barred from giving Foreman retroactive elementary area seniority credit for the 1991-1992 sixth grade assignment because it failed to advise Foreman that the assignment was outside the special education tenure area to which she was originally appointed, and failed to obtain her written consent to the new assignment. That regulation provides that, once appointed to a designated tenure area,
 

 "[n]o professional educator, whether on tenure or in probationary status, may be assigned to devote a substantial portion of his time in a tenure area other than that in which he has acquired tenure or is in probationary status,
 
 without his prior written
 
 consent” (8 NYCRR 30.9 [b] [emphasis supplied]).
 

 Concededly, Foreman was not formally notified that her assignment to teach sixth grade in 1991-1992 was out of her original tenure area, and her consent was not obtained. Impor
 
 *62
 
 tantly, however, 8 NYCRR 30.9 (b) was promulgated pursuant to a legislative tenure scheme designed "to protect competent teachers from the abuses they might be subjected to if they could be dismissed at the whim of their supervisors”
 
 (Ricca v Board of Educ.,
 
 47 NY2d 385, 391). Indeed, "[t]he tenure statutes are intended to protect the teacher and not become a trap to those not guileful enough to avoid it”
 
 (Matter of Baer v Nyquist,
 
 34 NY2d 291, 299).
 

 Thus, the underlying purpose of 8 NYCRR 30.9 (b) is not fulfilled by applying that provision to block a teacher from receiving seniority credit which, absent school district error, would have been received by reason of actual service in an out-of-tenure area. Rather, the regulation has a twofold protective purpose personal to the reassigned teacher. Initially, it protects teachers from being required involuntarily to accept assignments outside of their designated tenure areas
 
 (see, Matter of Sammon,
 
 20 Ed Dept Rep 335 [sustaining teacher’s appeal of out-of-area assignment as made outside her tenure area without her consent];
 
 Matter of O’Connor,
 
 19 Ed Dept Rep 213 [same]). Secondly, it protects teachers from being deprived of credit in a previously appointed tenure area if they unwittingly accept, and serve in, out-of-area assignments
 
 (see, Matter of Maine-Endwell Teachers Assn. v Maine-Endwell Cent. School Dist.,
 
 92 AD2d 1052 [teachers originally appointed as coordinators were entitled to seniority credit for out-of-area assignments because district failed to inform them that such assignments were outside their designated tenure area];
 
 Matter of Lawrence,
 
 32 Ed Dept Rep 398 [tenured teacher assigned outside designated tenure area, without consent and notice, entitled to seniority credit in original tenure area for time served in the out-of-area assignment]).
 

 Because 8 NYCRR 30.9 (b) was intended and has been consistently construed administratively as a safeguard for teachers who are assigned (either involuntarily or without their knowledge) outside of their designated tenure areas, it should not be interpreted to prevent a teacher from knowingly and voluntarily waiving that section’s consent requirement when strict application of the regulation would itself impose adverse consequences upon the teacher
 
 (cf., Matter of Feinerman v Board of Coop. Educ. Servs.,
 
 48 NY2d 491 [teacher may knowingly and voluntarily waive expectation of future tenure and relinquish right to appointment to three-year probationary term embodied in Education Law § 3014];
 
 Matter of Abramovich v Board of Educ.,
 
 46 NY2d 450, 455,
 
 cert denied
 
 444 US 845 [tenured
 
 *63
 
 teacher may knowingly and voluntarily waive statutory procedural due process rights embodied in Education Law § 3020-a, particularly when "waiver serves as quid pro quo for countervailing benefits”];
 
 Matter of Young,
 
 26 Ed Dept Rep 242 [teacher may knowingly and freely agree to fourth year of probationary appointment]).
 

 The principal case relied upon by Kaufman,
 
 Matter of Boron v Sobol
 
 (205 AD2d 28,
 
 Iv dismissed
 
 85 NY2d 923,
 
 Iv denied
 
 86 NY2d 711), is not controlling. In
 
 Boron,
 
 teacher Carol Feltz, who was tenured in elementary education, received retroactive seniority credit in the special subject tenure area of remedial reading. This resulted in her accumulating seniority in remedial reading over the petitioner, who originally had been appointed and served continuously in that tenure area. The Commissioner of Education upheld the Board’s seniority credit allocation, finding that the Board had merely corrected its bookkeeping error in failing to place Feltz in the special subject tenure area of remedial reading in the first instance.
 

 The Appellate Division annulled the Commissioner’s determination on factual and legal grounds. First, upon its own examination of the record, the Court in
 
 Boron
 
 determined there was no factual support for the Commissioner’s finding that Feltz actually served as a remedial reading teacher (see, 205 AD2d, at 31-32,
 
 supra).
 
 Second, that Court held that the Board could not have granted retroactive seniority credit in the area of remedial reading to a teacher appointed in the elementary tenure area because it constituted a prohibited retroactive re-designation of a teacher’s tenure area and because the assignment outside Feltz’s tenure area was made without her consent
 
 (id.,
 
 at 32;
 
 see also,
 
 8 NYCRR 30.9 [b]).
 

 To the extent that
 
 Boron
 
 was decided on the factual question of the true nature of the teacher’s service in a particular tenure area, it is distinguishable. As we have already noted, the instant record supports the District’s finding here that Foreman actually served in the elementary tenure area during the 1991-1992 school year. To the extent
 
 Boron
 
 implicates a legal principle, it is disapproved. As we have already concluded, the consent to assignment requirement of 8 NYCRR 30.9 (b) is a safeguard personal to the teacher being assigned out of his or her tenure area and is waiveable if enforcement of the consent requirement would work to that teacher’s detriment.
 

 Moreover, our decisions, relied upon by the
 
 Boron
 
 Court, prohibiting retroactive reclassification of tenure areas
 
 (see,
 
 
 *64
 

 Matter of Baer v Nyquist, supra,
 
 34 NY2d 291;
 
 Waiters v Board of Educ.,
 
 46 NY2d 885), dealt with judicial review of a school district’s significant "restructuring of traditional tenure areas”
 
 ('Waiters v Board of Educ., supra,
 
 46 NY2d, at 887) which was then applied retroactively to adversely affect existing tenure or seniority rights, not merely the factual determination of which existing tenure area a teacher’s prior service fell under. Thus,
 
 Matter of Baer v Nyquist (supra)
 
 and
 
 Waiters v Board of Educ. (supra)
 
 hold that educational authorities cannot defeat tenure or seniority rights of a teacher by retrospective application of newly created tenure areas. Our decisions in
 
 Matter of Baer
 
 and
 
 Waiters
 
 do not, however, prevent a school district from correcting its records to give proper seniority credit pursuant to 8 NYCRR 30.5 to a teacher who has, in fact, been employed to serve in an existing elementary tenure area, despite an initial appointment in another tenure area, as in the instant case.
 

 For all the foregoing reasons, the courts below properly rejected Kaufman’s challenge to the District’s seniority determinations.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Ciparick and Wesley concur.
 

 Order affirmed, with costs.