Malone Jr., J.
*1564 Thereafter, correctly noting that “In-School Suspension” was not a legally authorized special subject tenure area (see 8 NYCRR 30-1.8), petitioner commenced this CPLR article 78 proceeding, contending that her discontinuance was unlawful and that, pursuant to 8 NYCRR 30-1.2 (b) (2), she should be reinstated, this time to a position teaching in the physical education and recreation tenure area (see 8 NYCRR 30-1.8 [a] [12]), an area in which she holds a teaching certificate. Supreme Court partially granted the Board’s motion for summary judgment dismissing the petition against it. However, because petitioner had been appointed by the Board to a nonexistent tenure area, the court remitted the matter to the Board and directed that petitioner be reclassified into an existing tenure area position. Petitioner and the Board cross-appeal. We affirm.
It is undisputed that petitioner did not “devote a substantial portion of [her] time to instruction in . . . physical education” (8 NYCRR 30-1.8 [a] [12]). Therefore, she cannot be deemed to have served in that special subject tenure area unless she falls within the exception created by 8 NYCRR 30-1.2 (b) (2), which provides that a professional educator who was appointed to an unauthorized tenure area prior to May 1, 2009 will be deemed to have been appointed to the tenure area for which the teacher holds a certification if the teacher was appointed for the performance of duties in instructional support services. “Instructional support services” are defined as “professional development, pedagogical support, technical assistance, consultation, and/or program coordination offered by teachers to other school personnel including, but not limited to: conducting workshops, study groups, and demonstration lessons; modeling instruction; providing feedback, coaching, mentoring and other professional support for instructional staff; providing training in best instructional practices in specific content areas; assisting instructional staff in analyzing student performance data and differentiating instruction to meet the needs of all students; coordinating the provision of special education services; develop *1565 ing and promoting a culture of reflective instructional practice; providing curriculum and assessment resources to instructional staff; providing information and support on technology tools to extend and support student learning; assessing curriculum development or professional development needs; and such similarly related work” (8 NYCRR 30-1.1 [j]).
Here, petitioner’s duties, as self-described and as described in her teacher evaluations and by the principal of the Monticello High School, centered exclusively upon supervising students assigned to in-school suspension and working with other staff members concerning those students. The Board therefore correctly concluded that these duties do not qualify as “instructional support services” within the meaning of that regulation (see 8 NYCRR 30-1.1 [j]; Johanna Duncan-Poitier, Tenure for Teachers in Instructional Support Service Positions, Mem to the Field, State Education Department [2009], available at http:// www.highered.nysed.gov/pdf/memoceo05062009.pdf [attachment B] [accessed Dec. 19, 2012]). Accordingly, petitioner is not legally entitled to an appointment to a position in the physical education and recreation tenure area.
Nonetheless, we agree with Supreme Court that, under the circumstances of this case, remittal is required so that the Board can reclassify petitioner into an accepted tenure area, and thereafter determine seniority pursuant to Education Law § 2510 (2) and 8 NYCRR 30-1.13 (see Matter of Abrantes v Board of Educ. of Norwood-Norfolk Cent. School Dist., 233 AD2d 718, 719-720 [1996], lv denied 89 NY2d 812 [1997]).
Peters, P.J., Rose, Lahtinen and Garry, JJ., concur. Ordered that the order and judgment is affirmed, without costs.