■ In the Matter of JENNIFER CRONK, Respondent, v JOHN B. KING, as Commissioner of Education, et al., Respondents, and BOARD OF EDUCATION OF THE VALHALLA UNION FREE SCHOOL DISTRICT, Appellant. [14 NYS3d 581]—

Rose, J. Appeal from a judgment of the Supreme Court (Melkonian, J.), entered September 29, 2014 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, annul the determination of respondent Commissioner of Education dismissing petitioner's appeal of a determination of respondent Board of Education of the Valhalla Union Free School District terminating her employment.

Petitioner is a teacher certified to teach English to students in grades 7-12. In 2000, respondent Board of Education of the

Valhalla Union Free School District appointed petitioner to a three-year probationary position in the English 7-12 tenure area and assigned her to teach computer applications courses. Upon completion of the probationary period in 2003, the Board granted her tenure in the English 7-12 tenure area. At the end of the 2010-2011 school year, however, the Board decided to abolish two positions in the English 7-12 tenure area and determined that petitioner had earned no seniority because she taught computer classes rather than English classes. As the teacher with the least seniority in the English 7-12 tenure area, the Board terminated petitioner's employment.

Petitioner appealed the Board's decision to respondent Commissioner of Education arguing, among other things, that she should not have been terminated due to lack of seniority because, regardless of her specific teaching assignment, certain protections afforded to educators by the Rules of the Board of Regents (hereinafter Rules) (see 8 NYCRR subpart 30-1) protect her seniority in the English 7-12 tenure area. Ultimately, the Commissioner dismissed petitioner's appeal on the ground that she failed to join necessary parties. The Commissioner further explained that the petition would, in any event, be dismissed on the merits because he found that the regulatory protections to which petitioner claims she is entitled are inapplicable. Petitioner thereafter commenced this CPLR article 78 proceeding which, among other things, sought review and annulment of the Commissioner's determination and reinstatement of her employment. Upon review, Supreme Court granted the petition, annulled the Commissioner's determination and remitted the matter to the Board to determine whether petitioner's 11 years of accrued seniority entitle her to reinstatement. The Board appeals.

Initially, we reject the Board's argument that Supreme Court erred in its determination that the Commissioner improperly dismissed petitioner's appeal for failing to obtain "leave or direction" to join necessary parties (8 NYCRR 275.1). After petitioner filed her original petition with the Commissioner, it became clear that the jobs of two other teachers who were not named as respondents could be affected if petitioner were reinstated. Accordingly, petitioner submitted a letter to the Commissioner that clearly requested permission to amend the petition for the express purpose of joining the two teachers as necessary parties and enclosed along with it a copy of the proposed pleading, with proof of service on all parties. Petitioner thereafter received a response from the State Education Department stating that "the amended petition has been

accepted for consideration." In view of this, the Commissioner's determination that petitioner "neither sought nor received permission to join any additional parties" lacks a rational basis and, thus, was properly annulled (*see Matter of Strongin v Nyquist*, 44 NY2d 943, 945 [1978], *appeal dismissed and cert denied* 440 US 901 [1979]; *Matter of Kwasnik v King*, 123 AD3d 1264, 1266 [2014], *lv dismissed* 25 NY3d 981 [2015]).

Nor can we agree with the Board's contention that petitioner failed to exhaust her administrative remedies before commencing this CPLR article 78 proceeding by not first petitioning the Commissioner to reopen her appeal based upon a mistake of fact as to whether petitioner had sought permission to join necessary parties (*see* 8 NYCRR 276.8). Petitioning to reopen the appeal would have been futile, inasmuch as the Commissioner held that the petition would have been dismissed on the merits even if it had not been dismissed for failure to join necessary parties. Even if the Commissioner was operating under a misapprehension of the facts as to whether petitioner had sought and received permission to join necessary parties, neither party argues that his explanation as to why petitioner's appeal would fail on the merits was subject to any such misapprehension.

Turning to the merits, we start with the principle that whenever a board of education abolishes a teaching position, "the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued" (Education Law § 3013 [2]). The Rules define "[s]eniority" as an educator's "length of service in a designated tenure area . . . [that] shall[,] during each term for which seniority credit is sought, have constituted a substantial portion of the time of the professional educator" (8 NYCRR 30-1.1 [f]). They further define "[s]ubstantial portion of . . . time" to mean "40[%] or more of the total time spent by a professional educator in the performance of his [or her] duties, exclusive of time spent in preparation, monitoring or in co-curricular activities" (8 NYCRR 30-1.1 [g]).

Petitioner acknowledges that, although the Board awarded her tenure in the English 7-12 tenure area, she never spent 40% or more of her time teaching English classes. She contends, however, that her seniority is preserved by another provision of the Rules, which states that "[n]o professional educator, whether on tenure or in probationary status, may be assigned to devote a substantial portion of his [or her] time in a tenure area other than that in which he [or she] has acquired

tenure or is in probationary status, without his [or her] prior written consent" (8 NYCRR 30-1.9 [c]).*

Our review of the evidence reveals that petitioner was a professional educator (*see* 8 NYCRR 30-1.1 [e]) who was assigned exclusively to teach computer classes, which the Board admits was an assignment outside of her probationary and acquired English 7-12 tenure area. The record is devoid of evidence that petitioner was aware that she was given an out-of-area assignment or that she consented to it in writing. Nonetheless, the Commissioner determined that the protections of 8 NYCRR 30-1.9 (c) do not apply to petitioner because, "[f]rom the inception of her employment[,] . . . petitioner never devoted a substantial portion of her time within the English 7-12 tenure area." Even according deference to the Commissioner's construction and interpretation of the regulations, as we must (*see Matter of Johnson v Joy*, 48 NY2d 689, 691 [1979]; *Matter of Aides At Home, Inc. v State of N.Y. Workers' Compensation Bd.*, 76 AD3d 727, 727-728 [2010]; *Matter of Ablondi v Commissioner of Educ. of State of N.Y.*, 54 AD2d 507, 508 [1976], *lv denied* 42 NY2d 801 [1977]), we cannot agree that this interpretation is rational or reasonable. Nowhere in the language of 8 NYCRR 30-1.9 (c) is there a requirement that professional educators must first spend some of their time teaching within their probationary or acquired tenure areas before earning the right to consent to an out-of-area assignment. Inasmuch as the Commissioner's interpretation reads this nonexistent requirement into the provision, we view it as "an artificial or forced construction" (McKinney's Cons Laws of NY, Book 1, Statutes § 94).

The Commissioner's interpretation also runs contrary to the underlying purposes of the Rules governing teacher tenure and seniority credit. As the Court of Appeals has noted, 8 NYCRR former 30.9 (b) (now 8 NYCRR 30-1.9 [c]) "protects teachers from being deprived of credit in a previously appointed tenure area if they unwittingly accept, and serve in, out-of-area assignments" (*Matter of Kaufman v Fallsburg Cent. School Dist. Bd. of Educ.*, 91 NY2d 57, 62 [1997]; *see Matter of Maine-Endwell Teachers Assn. v Maine-Endwell Cent. School Dist.*, 92 AD2d 1052, 1053 [1983]). The "twofold protective purpose" of 8

---

* Contrary to the Board's argument, petitioner did not waive this contention. While she did not specifically cite 8 NYCRR 30-1.9 (c) in either petition, her general contention that her seniority is protected by 8 NYCRR subpart 30-1 was sufficient to preserve the argument and—significantly—both the Commissioner and Supreme Court addressed it (*see Matter of Garofalo*, 141 AD2d 899, 902 [1988]).

NYCRR 30-1.9 (c)—that is, to protect teachers from unknowing, involuntary out-of-area assignments and allow for the accrual of seniority credit in their original tenure area if they should accept such an assignment—is not served if the provision is construed in such a way as "to block a teacher from receiving seniority credit which, absent school district error, would have been received by reason of actual service in an out-of-tenure area" (*Matter of Kaufman v Fallsburg Cent. School Dist. Bd. of Educ.*, 91 NY2d at 62). Because the Commissioner's interpretation of 8 NYCRR 30-1.9 (c) has precisely this effect on petitioner, we find that Supreme Court properly annulled the Commissioner's confirmation of petitioner's termination.

We have examined the Board's remaining contentions and, to the extent they are properly before us, find them to be without merit.

Garry, J.P., Egan Jr. and Lynch, JJ., concur. Ordered that the judgment is affirmed, without costs.